UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY PERKINS,<br>       Plaintiff,<br><br>    v.<br><br>NATIONAL EXPRESS, et al.,<br>       Defendants. | Case No. 14-cv-02347-NC<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 33, 35 |

Plaintiff Jimmy Perkins moves to compel production of documents concerning Durham's drug-testing data, and seeks to limit defendants' subpoena of First Transit. Defendants oppose Perkins' requests. Defendants also ask the Court to compel Perkins to produce information concerning any medical care or treatment he received in the last five years. Finally, defendants seek to depose Perkins for an additional three hours.

## I.  LEGAL STANDARD

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Nonetheless, even when the information sought by the parties in a civil lawsuit is

1  relevant, the Court must limit the scope of discovery if it determines that (1) "the discovery
2  sought is unreasonably cumulative or duplicative, or can be obtained from some other
3  source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking
4  discovery has had ample opportunity to obtain the information by discovery in the action";
5  or (3) "the burden or expense of the proposed discovery outweighs its likely benefit,
6  considering the needs of the case, the amount in controversy, the parties' resources, the
7  importance of the issues at stake in the action, and the importance of the discovery in
8  resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

9  In other words, the Court seeks to "strike[] the proper balance between permitting
10 relevant discovery and limiting the scope and burdens of the discovery to what is
11 proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013
12 U.S. Dist. LEXIS 63855, at *10 (N.D. Cal. May 2, 2013).

13 **II.   DISCUSSION**

14 Perkins and defendants raised multiple discovery issues. *See* Dkt. Nos. 33, 35-37.
15 During oral argument on January 7, 2015, the parties indicated that they resolved
16 document production issues related to Perkins' job search (Defense Interrogatory No. 1,
17 Defense RFP No. 8), as well as to Perkins' income (Defense Interrogatory No. 2, Defense
18 RFP No. 10). Perkins should have already produced all responsive, non-privileged
19 documents to those requests. Perkins' counsel at the discovery hearing had committed to
20 so by January 21, 2015.

21 The Court addresses the following four unresolved issues below.

22 **A.   First Transit Documents**

23 Perkins seeks to limit defendants' subpoena for documents to First Transit.
24 Specifically, Perkins objects to defendants' seeking a "copy of any drug testing policy
25 applicable to Mr. Perkins and any acknowledgment of that policy by Mr. Perkins." Dkt.
26 No. 33 at 6 (subpoena to First Transit). Perkins contends that such a drug-testing
27 document from his current employer would be "irrelevant and unlikely to lead to
28 admissible evidence." *Id.* at 2 (Perkins' discovery letter).

1    Defendants point out Perkins' allegation that defendant Durham's drug-testing
2    policy is unreasonable or unlawful. Thus, according to defendants, evidence that Perkins'
3    new employer has a drug-testing policy similar to that of Durham's supports a theory they
4    intend to advance at trial—that Durham's drug testing policy is part of the industry
5    standard. The Court agrees.

6    Accordingly, the Court orders Perkins to produce all responsive, non-privileged
7    documents related to any drug testing policy at First Transit by February 18, 2015.

8    Additionally, the Court orders Perkins to produce responsive, non-privileged
9    documents relating to his application for employment with First Transit, as described in
10   defendants' subpoena to First Transit. Dkt. No. 33 at 6 (Rider No. 1). Perkins expresses
11   privacy concerns over his personnel file and disciplinary documents. But defendants
12   emphasized at the hearing they are not seeking such documents. Because defendants only
13   seek documents limited to Perkins' efforts at mitigation, the Court denies Perkins' request
14   to limit production under the subpoena.

15   **B.   Information Regarding Employee Testing**

16   Perkins moves to compel answers to Plaintiff's interrogatories Nos. 3, 6-11, which
17   concern drug-testing data performed by defendants or third party vendors on behalf of
18   defendants. At the hearing, defendants stated they produced some responsive data already.
19   Defendants also committed to obtaining the responsive data from third party vendors. Yet
20   defendants contend they have no control over when the third party vendors would produce
21   the data.

22   Perkins argues defendants already possess, but have not yet produced, some of these
23   responsive documents, as evidenced by their past production.

24   The Court orders defendants to produce all responsive, non-privileged information
25   and documents in defendants' custody, control, or possession. As to documents not
26   presently in defendants' custody, control, or possession, defendants must produce non-
27   privileged, responsive documents to Perkins on a rolling basis as they receive them from
28   third party vendors. Defendants must produce all non-privileged, responsive documents—

1  whether or not in defendants' current custody, control, or possession—by February 18,
2  2015.

### C. Perkins' Medical Treatment Documents

Defendants seek documents and responses from Perkins concerning any medical treatment or care he may have received during the last five years. Dkt. No. 35 (citing Defense Interrogatory No. 3 and Defense RFP No. 15). Perkins objects to these requests on privacy and relevancy grounds. Dkt. Nos. 37 at 2; 35-2 at 16. But defendants argue that this information goes to test Perkins' assertion that he suffered multi-million dollar emotional distress damages.

The Court agrees with defendants on this point about relevance. As to Perkins' concerns over the privacy of his medical records, the Court notes that these documents will be produced subject to the protective order. *See* Dkt. No. 30.

For these reasons, the Court orders Perkins to produce all non-privileged, responsive documents on this topic by February 18, 2015.

### D. Additional Deposition Hours

Finally, defendants request that the Court allow them to depose Perkins for three more hours. Although the usual rule is that a deposition is limited to one day of seven hours, a court "must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

Here, defendants have already deposed Perkins for seven hours. But in light of this Order, the Court will grant defendants an additional two hours to depose Perkins. The Court expects defendants to use that time to question Perkins about the documents described in this Order.

This deposition must take place before the discovery cut-off currently set for March 6, 2015. Dkt. No. 27.

//

**III.  CONCLUSION**

As explained above, the Court orders both defendants and Perkins to produce documents outlined in this Order by February 18, 2015.  The parties must make arrangements for defendants to depose Perkins before the March 6 discovery cut-off.

The Court reminds the parties that the next case management conference is set for February 11, 2015 at the San Jose Courthouse.  The parties must file a joint case management statement must by February 4, 2015.  Counsel are permitted to appear telephonically and must call the Courtroom Deputy at 408.535.5343 for further arrangements.

**IT IS SO ORDERED.**

Dated:  January 30, 2015  	_____
	NATHANAEL M. COUSINS
	United States Magistrate Judge