UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY PERKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONAL EXPRESS CORPORATION, DURHAM SCHOOL SERVICES, L.P., PETERMANN LTD., AND KIRK TOSTENRUDE,<br><br>        Defendants. | Case No. 14-cv-02347-NC<br><br>**ORDER DENYING PRELIMINARY INJUNCTION MOTION**<br><br>Re: Dkt. No. 60 |

Plaintiff Jimmy Perkins moves for a preliminary injunction against defendants and their agents. Specifically, Perkins requests that the Court restrain and enjoin defendants from their "[c]ontinuing failure to comply with the training requirements of California's Fair Employment and Housing Act." Dkt. No. 60 at 2. Perkins argues that "immediate and irreparable injury will result to Plaintiff and the public" if the Court does not grant his motion. *Id.*

A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the

Case No.: 14-cv-02347-NC

1    plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also
2    shows that there is a likelihood of irreparable injury and that the injunction is in the public
3    interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)
4    (internal quotation marks omitted) (finding Ninth Circuit's "sliding scale" approach still
5    viable after *Winter* so long as plaintiff satisfies all four preliminary-injunction prongs).

      In clarifying the need to satisfy the four-part *Winter* test, the Ninth Circuit stated that "[t]o the extent prior cases applying the 'serious questions' test have held that a preliminary injunction may issue where the plaintiff shows only that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor, without satisfying the other two prongs, they are superseded by *Winter*, which requires the plaintiff to make a showing on all four prongs." *Cottrell*, 632 F.3d at 1135 (citations omitted).

      Here, Perkins fails to establish that he is likely to suffer irreparable harm due to defendants' alleged failure to train their employees on matters relating to discrimination, harassment, and retaliation. Perkins' best irreparable-harm argument is that defendants' FEHA violations "continues to harm [him] in the sense that Defendants continue to fail to genuinely consider Plaintiff's complaints about discrimination despite the statutory duty to do so." Dkt. No. 73 at 4. The Court finds this reasoning unpersuasive. The fact remains that Perkins no longer works for defendants and thus is no longer subject to harm resulting from any failure to train employees on race discrimination.

//

1  Accordingly, the Court DENIES Perkins' preliminary injunction motion. Having found that Perkins failed to satisfy a necessary condition for preliminary injunctive relief, the Court need not consider the likelihood of success on the merits, the balancing of hardships, or the competing public interests. *See,e.g.*, *Becker v. Wells Fargo Bank, NA, Inc.*, 2012 U.S. Dist. LEXIS 152369, at *12-15 (E.D. Cal. Oct. 22, 2012) (analyzing only irreparable-harm factor in recommending district court deny preliminary injunction motion), *adopted by Becker v. Wells Fargo Bank, NA, Inc.*, 2013 U.S. Dist. LEXIS 4177, at *2 (E.D. Cal. Jan. 10, 2013).

**IT IS SO ORDERED.**

Dated: May 18, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge