UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY PERKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL EXPRESS CORPORATION, DURHAM SCHOOL SERVICES, L.P., PETERMANN LTD., AND KIRK TOSTENRUDE,<br><br>        Defendants. | Case No. 14-cv-02347-NC<br><br>**CLARIFYING SUPPLEMENT TO SUMMARY JUDGMENT ORDER** |

Defendants filed a motion for reconsideration of this Court's summary judgment order. Dkt. No. 88. The Court denied defendants' motion for failure to meet the standards under Civil Local Rule 7-9. Dkt. No. 95. Nonetheless, in the interest of helping the parties prepare for trial, the Court issues this Order clarifying its summary judgment order. Specifically, the Court outlines below the claims that remain at issue for trial and the claims that do not survive summary judgment.

**The following claims remain at issue for trial:**

- FEHA race-discrimination claim with multiple drug testing or termination as the adverse employment action. Complaint, Dkt. No. 1-1 at ¶ 41 (wrongful termination), ¶ 42 (drug testing).

- Claim under California Business and Professions Code § 17200 to the extent it is based on the FEHA race-discrimination claim with multiple drug testing

Case No.: 14-cv-02347-NC

or termination as the adverse employment action.  Dkt. No. 1-1 at ¶ 65.
- Claim under the doctrine of wrongful termination in violation of public policy to the extent it is based on the FEHA race-discrimination claim with multiple drug testing or termination as the adverse employment action.  *Id.* at ¶ 68.

**The following claims do not survive summary judgment and will not be tried:**
- FEHA race-discrimination claim with failure to investigate, failure to train, or failure to promote as the adverse employment action.
- FEHA hostile-work-environment claim.  *Id.* at ¶ 42-43.
- Breach-of-contract claim.  *Id.* at ¶ 56.
- Invasion-of-privacy claim.  *Id.* at ¶ 61.
- Claim under California Business and Professions Code § 17200 to the extent it is based on the FEHA race-discrimination claim with failure to investigate, failure to train, or failure to promote as the adverse employment action; the FEHA hostile-work-environment claim; the breach-of-contract claim; or the invasion-of privacy claim.  Dkt. No. 1-1 at ¶ 65
- Claim under the doctrine of wrongful termination in violation of public policy to the extent it is based on the FEHA race-discrimination claim with failure to investigate, failure to train, or failure to promote as the adverse employment action; the FEHA hostile-work-environment claim; the breach-of-contract claim; or the invasion-of privacy claim.  *Id.* at ¶ 68.

**IT IS SO ORDERED.**

Dated:  June 26, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.: 14-cv-02347-NC                    2